IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD JENNINGS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRESIDENT BARACK OBAMA, et al. | : | No. 13-5227 |

## **MEMORANDUM AND ORDER**

AND NOW, this 1st day of October, 2013, having considered the pro se petition filed by Donald Jennings, I make the following findings and reach the following conclusions:

1. Petitioner is a state prisoner currently incarcerated in the State Correctional Institution in Coal Township, Pennsylvania, serving a sentence for a conviction obtained against him in the Court of Common Pleas for Philadelphia County, Pennsylvania.

2. In the instant petition, Petitioner alleges that he is filing a petition pursuant to "28 U.S.C. § 2241, § 2254, § 2255 and to Reinstate/Take Jurisdiction of All Criminal and Civil Proceedings." He sets forth claims related to his pretrial extradition, trial, sentencing, the execution of his sentence and conditions of imprisonment. Petitioner seeks consolidation of "all separately filed proceedings," remedies for civil rights violations and immediate release from imprisonment.

3. In 2012, Petitioner filed a similar petition attacking his sentence and alleging civil rights violations. *Jennings v. Obama*, No. 12-4234 (E.D. Pa. August 6, 2012). Judge Legrome D. Davis dismissed that petition without prejudice noting that "Petitioner may not file a consolidated petition seeking joint or alternative remedies." *Id.* Petitioner was directed to file either a petition for habeas corpus relief pursuant to U.S.C. § 2254 or a civil rights complaint pursuant to 42 U.S.C. § 1983. Petitioner did neither. Instead, he filed the instant petition including Judge Davis as a defendant. For the same reasons set forth by Judge Davis, the instant petition will be dismissed without prejudice.[1]

---

[1] "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of

Based upon the foregoing, **I HEREBY ORDER** that the petition is **DISMISSED WITHOUT PREJUDICE** to Petitioner filing either or both a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 or a civil rights complaint pursuant to 42 U.S.C. § 1983.[2]

**I FURTHER ORDER** the Clerk of Court shall provide Petitioner with this Court's current forms for filing application to proceed in forma pauperis and for filing the aforementioned pleadings. The Clerk of Court shall close this matter. There is no cause for a certificate of appealability.

        /s J. William Ditter, Jr.
        J. WILLIAM DITTER, JR., J.

---

1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). It is well settled that habeas corpus relief is the exclusive remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994). The remedy for a constitutional challenge to the actions of a state official acting under the color of state law is an action pursuant to 42 U.S.C. § 1983.

[2]I note that a *habea*s petition would be properly filed in the Eastern District of Pennsylvania as Petitioner is attacking a conviction obtained in the Court of Common Pleas of Philadelphia County which is located within this district. 28 U.S.C. § 2241(d). However, a civil rights complaint filed pursuant to 42 U.S.C. § 1983 should be filed in the Middle District of Pennsylvania as Petitioner is attacking the conditions of his confinement in a state prison located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 1391(b) (a civil action should be brought in the judicial district where all defendants reside, or in which the claim arose).